**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

CALTXTO RAMON FLORES CHAVARRIA,

Petitioner,

-vs-

MARKWAYNE MULLIN,

Respondent.

NO. CIV-26-2004-HE

**ORDER**

Petitioner Caltxto Ramon Flores Chavarria filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the legality of his detention by United States Immigration and Customs Enforcement. According to his petition, he is detained at Cimarron Correctional Facility in Cushing, Oklahoma.

As ordered, the federal respondent, Markwayne Mullin, Secretary of the United States Department of Homeland Security, has responded to the petition. While not waiving appellate review or making any concessions, the federal respondent acknowledges this matter is controlled by the Tenth Circuit's recent decision in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026). He requests any order be limited to ordering a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days. No reply to respondent's response has been filed within the time specified by the court.

Upon review and in light of the respondent's acknowledgment, the court will grant the petition in part. The petition will be granted to the extent it seeks a bond hearing

pursuant to 8 U.S.C. § 1226(a),[1] and the court will order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) calendar days or otherwise release him if no hearing is held within that time.[2]

Accordingly, the petition for writ of habeas corpus under 28 U.S.C. § 2241 is **GRANTED in part**. Respondent is **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) calendar days** or otherwise release petitioner if he has not received a lawful bond hearing within that period.

Respondent is further **ORDERED** to certify compliance by filing a status report within **ten (10) calendar days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 27th day of August, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] *In light of the court's ruling, the court need not address petitioner's remaining claims.*

[2] *See Santillan Quiroz, 180 F.4th at 1251 n. 13 ("Because [petitioner] can properly be subject to detention under § 1226(a), [], the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.")*